1  **WO**
2
3
4
5
6　　　　　　　　　IN THE UNITED STATES DISTRICT COURT
7　　　　　　　　　　　FOR THE DISTRICT OF ARIZONA
8
9  Clide Anthony Walfall,　　　　　）　　No. CV 09-1628-PHX-MHM (ECV)
　　　　　　　　　　　　　　　　）
10　　　　　Plaintiff,　　　　　　　）　　**ORDER**
　　　　　　　　　　　　　　　　）
11  vs.　　　　　　　　　　　　　）
　　　　　　　　　　　　　　　　）
12　　　　　　　　　　　　　　　　）
　　Joseph Arpaio,　　　　　　　　）
13　　　　　　　　　　　　　　　　）
　　　　　Defendant.　　　　　　　）
14　　　　　　　　　　　　　　　　）
　　_____)
15

16　　　　　Plaintiff Clide Anthony Walfall filed a *pro se* Civil Rights Complaint by a Prisoner
17  (Doc. #1) pursuant to 28 U.S.C. § 1983 on August 6, 2009, while incarcerated at the
18  Maricopa County Lower Buckeye Jail. The Court screened the complaint in an Order (Doc.
19  #4) filed on October 5, 2009. In the screening order, the Court ordered Plaintiff to complete
20  and return a service packet within 20 days, after which the U.S. Marshal Service would
21  notify the defendants and effect service. Plaintiff was further directed to immediately advise
22  the Court of any change of address and its effective date. Also in the screening order,
23  Plaintiff was warned that if he failed to timely comply with its provisions, the action would
24  be dismissed pursuant to rule 41(b) of the Federal Rules of Civil Procedure.
25　　　　　Nearly two months have passed since the Court issued its screening order and Plaintiff
26  has not returned the service packets. The Court docket reflects that mail sent to Plaintiff has
27  been returned as undeliverable. The docket further indicates that Plaintiff is no longer in
28

custody. Having failed to notify the Court of a new address, it appears that Plaintiff has abandoned his claims.

Plaintiff has the general duty to prosecute this case. Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc., 587 F.2d 27, 29 (9th Cir. 1978). In this regard, it is the duty of a plaintiff who has filed a *pro se* action to keep the Court apprised of his or her current address and to comply with the Court's orders in a timely fashion. This Court does not have an affirmative obligation to locate Plaintiff. "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988). Plaintiff's failure to keep the Court informed of his new address constitutes failure to prosecute.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action." In Link v. Wabash Railroad Co., 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case sua sponte for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. Id. at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Carey, 856 F.2d at 1440 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." Wanderer v. Johnson, 910 F.2d 652, 656 (9th Cir. 1990).

| | |
|---|---|
| 1 | Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure to keep the Court informed of his address prevents the case from proceeding in the foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. Without Plaintiff's current address, however, certain alternatives are bound to be futile. Here, as in Carey, "[a]n order to show cause why dismissal is not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail." 856 F.2d at 1441. |

Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure to keep the Court informed of his address prevents the case from proceeding in the foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. Without Plaintiff's current address, however, certain alternatives are bound to be futile. Here, as in Carey, "[a]n order to show cause why dismissal is not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail." 856 F.2d at 1441.

The Court finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case, the Court finds that a dismissal with prejudice would be unnecessarily harsh. The Complaint and this action will therefore be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS THEREFORE ORDERED** that pursuant to Rule 41(b) of the Federal Rules of Civil Procedure this action is dismissed without prejudice and the Clerk of the Court shall enter judgment accordingly.

DATED this 24th day of November, 2009.

_____
Mary H. Murgula
United States District Judge